UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KERRIE SHAW, | CIVIL ACTION |
| Plaintiff, | 1:18-cv-08001 |
| v. | COMPLAINT |
| HARRIS & HARRIS, LTD. and PRESENCE LEGACY ASSOCIATION, | JURY TRIAL DEMANDED |
| Defendant. | |

**COMPLAINT FOR RELIEF PURSUANT TO**
**THE FAIR DEBT COLLECTION PRACTICES ACT**

Now Comes the Plaintiff, KERRIE SHAW ("Ms. Shaw"), by and through her attorneys, Whiteside & Goldberg, Ltd., complaining of the Defendants, HARRIS & HARRIS, LTD. ("Harris") and PRESENCE LEGACY ASSOCIATION ("Presence") (collectively, "Defendants"), as follows:

**NATURE OF THE ACTION**

1. Ms. Shaw brings this action as a consumer to secure redress from unlawful debt collection practices engaged in by Defendants. Ms. Shaw alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"), the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq*. ("ICFA") and the Illinois Workers' Compensation Act, 820 ILCS 305 *et seq*. ("IWCA").

2. Jurisdiction is conferred upon this Court by 15 U.S.C. §1692k(d) and 28 U.S.C. §1331, as this action arises under the laws of the United States. Supplemental jurisdiction exists

1

for state law claims pursuant to 28 U.S.C. §1367. Declaratory relief is available pursuant to 28 U.S.C. §§2201, 2202 and 735 ILCS 5/2-701.

3. Venue and personal jurisdiction are proper in this Court pursuant to 28 U.S.C. §1391 because Defendants conduct business in the Northern District of Illinois and the conduct complained of occurred within this district.

## PARTIES

4. <u>Plaintiff, Kerrie Shaw ("Ms. Shaw"),</u> is a natural person residing in Coal City, Illinois.

5. Ms. Shaw is a "consumer," as defined by the FDCPA, 15 U.S.C. §1692a(3).

6. <u>Defendant, Harris & Harris, Ltd. ("Harris"),</u> is an Illinois corporation with its principal place of business located at 111 W. Jackson Blvd., Suite 400, Chicago, Illinois 60604. Harris conducts and transacts business throughout Illinois. ASH's Illinois registered agent is MS Registered Agent Services, 191 N. Wacker Drive, Suite 1800, Chicago, Illinois 60606.

7. Harris is a "debt collector," as defined by the FDCPA, 15 U.S.C. §1692a(6), because it regularly uses the nationwide credit reporting system, mails and/or the telephone to collect, or attempt to collect, defaulted debts asserted to be owed to another.

8. At all times relevant to this complaint, Harris was collecting on a consumer "debt," as defined by the FDCPA, 15 U.S.C. §1692a(5).

9. <u>Defendant, Presence Legacy Association, ("Presence"),</u> is an Illinois corporation that operates Presence Saint Joseph Medical Center located at 333 N. Madison St., Joliet, Illinois 60435. Presence conducts and transacts business throughout Illinois. Presence's Illinois registered agent is CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, Illinois 60604.

## FACTS SUPPORTING CAUSE OF ACTION

### Work-Related Injury and Medical Treatment

10. At all times relevant to this complaint, Ms. Shaw was employed by the State of Illinois as a correctional officer at the Stateville Correctional Center in Crest Hill, Illinois.

11. On September 18, 2017, Ms. Shaw was injured at work when she was struck by an SUV in the Stateville parking lot ("the injury").

12. As a result of the injury, Ms. Shaw was transported via ambulance to the Presence Saint Joseph Medical Center in Joliet where she received medical treatment and services from Presence.

13. At all relevant times, all of the medical services provided by Presence to Ms. Shaw were in connection with the injury.

14. During the course of her treatment, Ms. Shaw provided her employer's information and informed Presence that the injury for which she sought treatment was work-related.

15. The emergency department notes taken by Presence state: "PATIENT STATES HAD JUST ARRIVED AT WORK AT STATEVILLE … WHEN A CAR SWERVED AROUND THE CORNER AND STRUCK HER."

### Workers' Compensation Case

16. On October 2, 2017, in order to protect her rights and procure necessary medical treatment, Ms. Shaw, through counsel, filed an Application for Adjustment of Claim ("workers' compensation case") with the Illinois Workers' Compensation Commission ("Commission") for resolution of all claims related to the injury.

17. The Illinois Workers' Compensation Act ("IWCA") requires medical providers to bill the employer for services rendered in connection with a known work-related injury and prohibits holding an employee liable for costs of treatment. *See* 820 ILCS 305/8.2(d) and (e).

18. On October 3, 2017, Ms. Shaw, through counsel, sent Presence a cover letter and subpoena for medical records and bills in the course of her workers' compensation case ("subpoena"). *See* Exhibit A, a true copy of the subpoena sent from Ms. Shaw's counsel to Presence, dated October 3, 2017.

19. Given that Ms. Shaw had already informed Presence during the course of her treatment that the injury was work-related, the subpoena gave Presence further notice that the treatment and services it provided to Ms. Shaw were subject to workers' compensation. *Id*.

20. The subpoena also gave Presence notice that Ms. Shaw had filed a workers' compensation case with regard to the injury and provided Presence with Ms. Shaw's attorneys' information. *Id*.

**Unlawful Debt Collection**

21. As a result of the medical services provided by Presence in connection with the injury, Ms. Shaw allegedly incurred a debt to Presence in the amount of $9,176.90 ("subject debt").

22. Rather than submitting its bill for the subject debt to Ms. Shaw's employer and awaiting payment as set forth in the IWCA, Presence sent its bill directly to Ms. Shaw for payment ("Presence payment demand"). *See* Exhibit B, a true copy of the Presence payment demand, dated January 23, 2018.

23. Upon receipt of Presence's payment demand, Ms. Shaw again contacted Presence and provided Presence with her employer's information and workers' compensation case information.

24. Despite having received notice that the subject debt was subject to workers' compensation on numerous occasions, Presence nonetheless continued its attempts to collect the subject debt from Ms. Shaw, eventually placing the subject debt for collection with Harris, a debt collection agency and law firm.

25. On or about August 6, 2018, Harris sent a payment demand for the subject debt directly to Ms. Shaw ("Harris payment demand"). *See* Exhibit C, a true copy of the Harris payment demand, dated August 6, 2018.

26. The Harris payment demand indicated the outstanding account balance allegedly due to Presence and instructed Ms. Shaw to remit payment along with the detachable payment coupon at the bottom of the payment demand. *Id*.

27. The payment demand was false, misleading and unfair by virtue of the IWCA's prohibition on holding employees liable for costs of medical services provided in connection with a known work-related injury.

**Willfulness/Recklessness**

28. As a sophisticated medical provider doing business in Illinois, Presence is aware of the billing procedures and the prohibition on holding employees liable for known work-related injuries set forth in the IWCA.

29. Rather than abiding by the IWCA, Presence willfully and/or recklessly continued its efforts to collect the subject debt from Ms. Shaw, in violation of the law.

30. Presence should not be allowed to circumvent the mandates of the IWCA by placing the subject debt for collection with a debt collection agency.

31. Harris, as a sophisticated debt collection law firm doing business in Illinois, should be aware of the IWCA and its prohibition on the collection of medical debt that is subject to workers' compensation.

32. Harris should have systems in place to prevent illegal attempts to collect debt in violation of the IWCA; a simple party search on the Commission's website would have provided Harris with all relevant information. *See* Exhibit D, screenshots of the Commission's Case Information Screen Name/Birth Inquiry for "shaw, kerrie," (http://neonwebk.cmcf.state.il.us/iic/icdw, last visited October 29, 2018).

33. Had it taken this simple step, Harris could have obtained Ms. Shaw's workers' compensation attorneys' contact information and inquired therewith as to the status of the subject debt, thus avoiding the violations of law complained of herein.

34. Instead, Harris choose to stick its head in the sand, without any investigation, and unlawfully seek payment of the subject debt from Ms. Shaw.

35. Harris's willful and/or reckless conduct demonstrates that it does not have adequate procedures or systems in place to prevent illegal attempts to collect workers' compensation debt from innocent consumers injured at work.

36. Defendants' unfair, unscrupulous, and deceptive conduct demonstrates a willful and/or reckless indifference to the law and to the rights of innocent consumers.

37. Defendants' conduct violates public policy and harms innocent consumers under the protection of the IWCA, who are forced either to accept financial responsibility for their

6

work-related injury or live in fear that they will be subject to further collection activity, such as continued false payment demands and inaccurate credit reporting.

## Damages

38. Defendants' attempts to hold Ms. Shaw liable for the subject debt, which was incurred as a result of a work-related injury, have literally added insult to injury and caused Ms. Shaw to question the effect of her workers' compensation case.

39. Defendants' unfair conduct resulted in emotional distress, agitation, and confusion to Ms. Shaw, forcing her to spend time repeatedly providing her workers' compensation information to Presence and consulting with her attorneys for clarification and to ensure that Defendants' wrongful collection efforts cease.

40. Ms. Shaw was forced to incur expenses as a direct result of Defendants' illegal conduct thrust upon her, including costs incurred printing, mailing and/or faxing materials to Presence and her attorneys.

41. Due to Defendants' illegal conduct, Ms. Shaw now faces the immediate harm of a wrongfully diminished credit rating, as well as the confusion and harassment caused by false invoices and payment demands.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**(Against Harris)**

42. Ms. Shaw repeats and realleges paragraphs 1 through 41 as though fully set forth herein.

43. Harris violated 15 U.S.C. §§1692e(2), e(3), e(10), f, and f(1) through its debt collection efforts.

44. Harris violated 15 U.S.C. §1692e(2) when it misrepresented the legal status of the subject debt. Under the IWCA, Harris was prohibited from attempting to collect the subject debt from Ms. Shaw at the time the payment demand was sent.

45. Harris violated 15 U.S.C. §1692e(3) by sending its payment demand to Ms. Shaw without first conducting a meaningful review into the relevant facts. Any such review would have revealed that the subject debt was included in the workers' compensation case and that Ms. Shaw was represented by attorneys with regard to the subject debt.

46. Harris violated 15 U.S.C. §1692e(10) when it falsely represented to Ms. Shaw that she is legally obligated to pay the subject debt. Under the IWCA, Harris was prohibited from attempting to collect the subject debt from Ms. Shaw at the time the payment demand was sent.

47. Harris violated 15 U.S.C. §1692f by employing unfair and unconscionable means to collect the subject debt, as Ms. Shaw is protected by the IWCA and does not have a duty or obligation to pay the subject debt; the conduct violates public policy and is illegal.

48. Harris violated 15 U.S.C. §1692f(1) by attempting to collect a debt that it is not permitted by law to collect; the IWCA prohibits the collection of the subject debt.

49. As pleaded in paragraphs 38 through 41, Ms. Shaw has suffered damages as a result of Harris's illegal collection efforts.

50. As a result of Harris's violations of the FDCPA, and in consideration of the willful and reckless disregard for the law, Ms. Shaw is entitled to a declaratory judgment that Harris's actions violate the FDCPA, as well as an award of actual damages, statutory damages, legal fees and costs pursuant to 15 U.S.C. §1692k(a)(1), (2) and (3).

WHEREFORE, Plaintiff, KERRIE SHAW, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. declaring that the practices complained of herein are unlawful and violate the FDCPA;

b. awarding Ms. Shaw actual damages in an amount to be determined at trial;

c. awarding Ms. Shaw statutory damages of $1,000 as prescribed by the FDCPA;

d. awarding Ms. Shaw costs and reasonable attorneys' fees as provided under the FDCPA and;

e. awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATION OF THE ILLINOIS
### CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
### (Against Presence)

51. Ms. Shaw repeats and realleges paragraphs 1 through 41 as though fully set forth herein.

52. Ms. Shaw is a "person," as defined by the ICFA, 815 ILCS 505/1(c).

53. Ms. Shaw is a "consumer," as defined by the ICFA, 815 ILCS 505/1(e).

54. At all times relevant to this complaint, Presence was engaged in "commerce," as defined by the ICFA, 815 ILCS 505/1(f).

55. Presence's efforts to collect the subject debt from Ms. Shaw, including placing the account for collection with Harris while knowing it was subject to workers' compensation, represents the use of deception and false pretenses.

56. It was deceptive for Presence to send the subject debt to collections because doing so falsely implies that Ms. Shaw is liable for the subject debt, when as a matter of law, she is not.

57. It was unfair and against public policy for Presence to attempt to collect the subject debt after it had been put on notice that the subject debt was incurred in connection with a work-related injury; the IWCA expressly prohibits such conduct.

9

58. Presence intended for Ms. Shaw to rely on its unfair and deceptive conduct and pay the subject debt, for which it could not legally hold Ms. Shaw liable under the IWCA.

59. Ms. Shaw relied on Presence's deceptive and unfair conduct by expending time and money to repeatedly provide her workers' compensation information to Presence and by forwarding its false payment demands to her attorneys.

60. Had Presence complied with the IWCA as required by law, Ms. Shaw would not have had to incur such expenses.

61. As pleaded in paragraphs 38 through 41, Ms. Shaw has sustained other damages as a result of Presence's deceptive and unfair business practices.

62. As a result of Presence's violations of the ICFA, and in consideration of the willful and reckless disregard for the law, Ms. Shaw is entitled to a declaratory judgment that Presence's actions violate the ICFA, as well as an award of actual damages, punitive damages, legal fees and costs of this lawsuit.

WHEREFORE, Plaintiff, KERRIE SHAW, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. declaring that the practices complained of herein are unlawful and violate the ICFA;

b. awarding Ms. Shaw actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c. awarding Ms. Shaw reasonable attorney fees and costs;

d. awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT III – VIOLATION OF THE ILLINOIS WORKERS' COMPENSATION ACT**
**(Against all Defendants)**

63. Ms. Shaw restates and realleges paragraphs 1 through 41 as though fully set forth herein.

64. Defendants violated the IWCA by attempting to hold Ms. Shaw liable for costs of services that were rendered in connection with her work-related injury. *See* 820 ILCS 305/8.2(d) and (e).

65. It was inherently unfair and deceptive for Defendants to attempt to collect the subject debt from Ms. Shaw because doing so negates the essential protections afforded by the IWCA.

66. In doing so, Defendants have shown a willful and reckless disregard towards the IWCA and innocent employees injured in the course of duty.

67. As pleaded in paragraphs 38 through 41, Ms. Shaw has suffered damages as a result of Defendants' illegal collection efforts and disregard for the IWCA.

WHEREFORE, Plaintiff, KERRIE SHAW, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. declaring that the practices complained of herein are unlawful and violate the IWCA;

b. awarding any other relief as this Honorable Court deems just and appropriate.

Dated: December 5, 2018    Respectfully Submitted,

/s/ Daniel J. McGarry
Daniel J. McGarry, Esq. ARDC#6309647
Whiteside & Goldberg, Ltd.
155 N. Michigan Ave., Suite 540
Chicago, IL 60601
(312) 334-6875
dmcgarry@wglawgroup.com
*Counsel for Plaintiff*